NEW-YORK,
May, 1823.

KIES
v.
TIFFT.

KIES, appellee, *against* N. TIFFT and S. TIFFT, appellants.
*Error from Cayuga Common Pleas.*

A promise, by the assignee of a contract, to pay the money due thereon, when collected by due course of law, is broken, if the promissor suffers a term to elapse, after the money is due, without prosecuting therefor. And this, especially where he is directed by the promissee to proceed in the collection.

ASSUMPSIT, by *Kies* against *N. & S. Tifft*, upon the fol-. lowing written instrument : " For value received, we promise to pay *Alpheus Kies*, or bearer, fifty-five dollars and sixty-six cents, by the first day of *February* next, with interest.

" The condition of the above obligation is such, that if the assignment of a certain bond and mortgage, this day assigned over, by *Alpheus Kies*, against *Edmund Lewis*, to *Nathan Tifft*, shall be collected, by the time set forth in said mortgage, then the above note to be payable, at the time set forth in the said note : if not, said note is not payable until the money is collected, *by due course of law*, taken on said mortgage. *Mentz, Feb.* 20, 1819.

                                            *Nathan Tifft.*
                                            *Stanton Tifft.*

.Attest, *George W. Kies.*"

The process was returnable in the Justice's Court, the *8th August*, and the cause tried there, *August* 14*th*, 1820, and judgment rendered for the plaintiff, *Kies.* The defendants appealed, and the appeal was tried *January* 18*th*, 1821. *G. W. Kies*, the subscribing witness, testified to the execution of the above instrument, and that the money was payable, on the bond and mortgage, by two instalments—one at *May* 1, 1819 ; the other at *Feb.* 1, 1820. That, in *June*, 1819, he learned, from the defendants, that they had made arrangements with *Lewis*, the mortgagor, for part payment, and had received some notes, in part payment. He, at the same time, in behalf of and by direction of the plaintiff, requested the defendants to proceed and collect the balance. Here the plaintiff rested.

The defendants moved for a nonsuit. 1. Because no breach of the agreement was shewn. 2. There was no liability on the defendants, till the whole of the money was collected on the mortgage. 3. A neglect to prosecute, from the 1*st*

*February,* 1820, till the 8*th August,* thereafter, when this suit was commenced, was not such a breach of the agreement, as to enable the plaintiff to recover. And the Court held the objections well taken, and nonsuited the plaintiff.

*W. Wood,* for the plaintiff in error.

*H. Rathbone,* contra.

*Curia.* In our opinion, the Common Pleas erred. The defendants were bound to use due diligence in collecting the money on the bond and mortgage, particularly as they were so directed by the plaintiff. They ought not to have suffered a term to pass, after the money fell due, without a prosecution. (*Moakly* v. *Riggs,* 19 *John.* 69.)

Judgment reversed.