ELIAS A. MEAD, Respondent, v. CHARLES E. PARKER, Appellant.

Where, in an action upon a guaranty of collection of a debt, the defense is, that the debtor was not prosecuted with due diligence, evidence that a delay in prosecution was with the acquiescence of the guarantor, is competent, on the part of the plaintiff, as bearing upon this issue.

Proof of such acquiescence is also competent, as showing a waiver by the guarantor of his strict right to take advantage of the creditor's indulgence, to avoid the guaranty.

(Argued October 8, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 22, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial. (Reported below, 41 Hun, 577.)

The nature of the action and the material facts are stated in the opinion.

*James R. Cox* for appellant. Plaintiff's laches and neglect to collect for two and a half years discharged the guarantor. (*Ins. Co.* v. *Wright*, 76 N. Y. 447; *McMurray* v. *Noyes*, 72 id. 524; 6 Cowen, 624; 1 Wend. 455; 31 Barb. 94; 15 Hun, 346.) Every possible test which can be applied, shows that this covenant of defendant was "an agreement to answer for the debt and default of others," and nothing else. (21 N. Y. 415; 26 Wend. 435; *Ackley* v. *Parmenter*, 98 N. Y. 425; *Milks* v. *Rich*, 80 id. 269; *Johnson* v. *Gilbert*, 4 Hill, 178; *Cardell* v. *McNiel*, 21 N. Y. 336; *Bruce* v. *Burr*, 67 id. 237; *Brown* v. *Curtis*, 2 id. 225; *Fowler* v. *Clearwater*, 85 Barb. 146; *Brown* v. *Curtis*, 2 Comst. 225, 229, 528.) By the written agreement this defendant contracted for diligence in collecting the bond and mortgage. (*Hill* v. *Blake*, 97 N. Y. 218; *Drake* v. *Seaman*, id. 233; *Holcombe* v. *Munson*,

103 id. 682; *Tusca* v. *Eisner*, 53 N. Y. Sup. Ct. Rep. 443; *Kane* v. *Cortesy*, 100 N. Y. 132; *Brigg* v. *Hilton*, 99 id. 519.) The guarantor can only be held by the precise terms of his contract. (*Gates* v. *McKee*, 13 N. Y. 232; *People* v. *Chalmers*, 60 id. 158; *Kingsbury* v. *Westfall*, 61 id. 356; *Evansville* v. *Kaufman*, 93 id. 281.)

*H. V. Howland* for respondent. Written contracts may be varied, waived and modified by parol, and after the parol arrangement has been acted upon and carried out by one side, the other will not be heard to deny or repudiate it, is as well settled as any legal proposition can be. (*Mosier* v. *Waful*, 56 Barb. 80; *Proctor* v. *Thompson*, 13 Abb. N. C. 340; *Lobdell* v. *Lobdell*, 36 N. Y. 327; *Freeman* v. *Freeman*, 51 Barb. 306; *S. C.*, 43 N. Y. 34; *Hugus* v. *Walker*, 12 Penn. 173; *Dana* v. *Wright*, 23 Hun, 29; *Miller* v. *Ball*, 36 N. Y. 286; *Beardsley* v. *Dently*, 69 id. 277; *Knapp* v. *Hungerford*, 7 Hun, 588; *Dodge* v. *Welman*, 1 Abb. Ct. App. Dec. 512; *Stone* v. *Sprague*, 20 Barb. 509.) If the parties to this guaranty afterwards verbally agreed to give the principal debtor further time in which to pay the debt, and the same was acted upon, it was a valid modification of the original contract in respect to the time for the enforcement of the collection from the debtor. (*Homer* v. *Guardian Mut. L. Ins. Co.*, 67 N. Y. 478; *Burt* v. *Saxton*, 1 Hun, 551; *Fleming* v. *Gilbert*, 3 Johns. 528; *Clark* v. *Dales*, 20 Barb. 64; *Stone* v. *Sprague*, Id. 509; *Flynn* v. *McKeon*, 6 Duer, 203; *Dodge* v. *Crandall*, 30 N. Y. 304.) Delay of collection or postponement must be without his consent in order to discharge the indorser or guarantor. (*Hart* v. *Hudson*, 6 Duer, 304; *Bangs* v. *Strong*, 7 Hill, 250; *Fleming* v. *Gilbert*, 3 Johns. 528; *Gahn* v. *Niemcewicz*, 11 Wend. 312; *Pike* v. *Nash*, 3 Abb. Ct. App. Dec. 610; *Might* v. *Storrs*, 6 Bosw. [N. Y.] 600; *Carlies* v. *Estes*, 31 Vt. [2 Shaw], 653; *Adams* v. *Way*, 32 Conn. 160; *Chester* v. *Bank of Kingston*, 16 N. Y. 338; *Ex parte Harvey*, 27 Eng. L. & Eq. 280; *Wyke* v. *Rogers*, 12 id. 162; *Woodcock* v. *O. & W. R. Co.*, 21 id. 285.)

PECKHAM, J.   This action was commenced to recover the balance due upon a bond and mortgage, the latter of which had been foreclosed and a judgment for deficiency entered against the mortgagor.   The liability of the defendant herein rests upon a guaranty which he signed and by which he guaranteed the collection of the bond to one Cordial S. Jennings, by whom it was assigned to the plaintiff.

The defendant, among other things, set up that the plaintiff had extended and put off the time for the payment of the bond and mortgage without the consent of the defendant.

The bond became due and payable by its terms May 1, 1875, It was assigned by the mortgagee to Charles E. Parker, the defendant, on the 10th of May, 1872.   The defendant assigned it to Jennings on the 1st of September, 1875, and Jennings assigned it to the plaintiff on the 1st of April, 1876.   The action to foreclose the mortgage was commenced in March, 1878, three years after the mortgage became due, and two years after the assignment by Jennings to the plaintiff.

Unexplained, the delay of the plaintiff in commencing suit to foreclose the mortgage and thereby obtain payment of the bond would be a good defense to the surety, for the neglect would be unreasonable, and unreasonable neglect itself discharges a surety of this nature.

Upon the trial of the action evidence was given tending to show acquiescence of the defendant in the delay, both on the part of Jennings, while he was the owner, and on the part of the plaintiff after he became the owner.   If competent, we think there was sufficient evidence in the case to go to the jury upon the question of such acquiescence in or ratification on the part of the defendant of the delay in commencing the suit.   The defendant, however, objected to the evidence in question on the ground that it was by parol, and incompetent for that reason, as tending to vary the contract of guaranty between the parties, which, on the part of the defendant, was a contract to answer for the debt, default or miscarriage of another, and required by statute to be in writing.   The evidence was admitted and upon it a verdict was obtained in

favor of the plaintiff for the amount of the deficiency upon the foreclosure sale. Appeal was taken from the judgment entered upon the verdict of the jury to the General Term, where it was affirmed, from which affirmance defendant apeals here.

The learned counsel for the defendant made a most exhaustive argument upon the question of the admissibility of the evidence going to show what he claimed was a new contract, or would have been a new contract if sufficiently proved, varying the terms of the written contract of guaranty made by the defendant. This contract he claimed was required to be in writing by the statute of frauds.

Although it may be somewhat difficult to distinguish this case from that of *Milks* v. *Rich* (80 N. Y. 269), yet without pausing to determine definitely that question, we think there is another view upon which this judgment can and must be sustained. The defendant guranteed the collection of the bond and mortgage. That guaranty was simply an undertaking on his part that the debt would be paid if the principal should be prosecuted with reasonable diligence. (*Craig* v. *Parkis*, 40 N. Y. 181; *Northern Ins. Co. of N. Y.* v. *Wright*, 76 id. 445.) If the facts were undisputed and were such that different inferences could not be drawn therefrom by different minds, the question whether reasonable diligence had been exercised in commencing the suit for the collection of the bond would be one of law. But under the law, as it now stands in relation to such matters, if the facts are disputed or if undisputed, they are of such a nature that reasonable men might differ in regard to the inferences proper to be drawn from them, then those inferences are to be drawn by a jury under proper instructions from the court. But whether a question of fact or of law, it is still a question of whether reasonable diligence has been shown. In relation to such a question as this in *Thomas* v. *Woods* (4 Cow. 173), WOODWORTH, J., observed: "Every question of due diligence must be decided in view of all the facts and circumstances, what would be a lache in one case might be reasonable diligence in another. It will not be contended that due diligence requires a prose-

cution to be commenced in every case on the day the money is payable. If a party intends that he will guard his contract, as in the case above cited, where the plaintiffs covenanted to prosecute immediately after the several sums of money became due." In *Ten Eyck* v. *Elmendorf* (1 Caines, 427), upon such a guaranty THOMPSON, J., said: "The plaintiffs were to use all due diligence and take all legal measures, by prosecution at law, to recover the money from Redington, by which I understand all ordinary and legal measures prosecuted with good faith." Certainly it is a circumstance, and one of a most material and controlling nature, upon the issue as to whether due diligence had been used in the prosecution of the claim, to show that failure to prosecute was, by reason of the express request of the defendant himself, or by reason of his acquiescence in or consent thereto after receiving full information of the facts from the plaintiff. No man could say upon an issue of due diligence that a plaintiff had failed to exercise it by commencing his action against the principal debtor when, in justification of such failure, he showed a parol request of the surety to refrain from the commencement of the action until a certain time had elapsed within which he said he had no doubt that the principal debtor would pay. It certainly is competent evidence, as showing the circumstances in existence, which rendered the action of the plaintiff reasonably diligent in prosecuting the suit to foreclose the mortgage, and it did not in any degree alter the contract which was made by the defendant in writing.

In *Northern Insurance Company* v. *Wright* (*supra*), it is clear that the parol evidence which was admitted was offered on the question of the waiver, by the defendant, of the strict performance of the contract by the plaintiff. CHURCH, Ch. J., in that case says: "Waiver is largely a question of intention, and it seems difficult to impute such an intention to the defendant from the circumstances proved, after he had in express terms demanded a foreclosure and disclaimed liability, until a deficiency was ascertained. The evidence is conflicting as to whether he told the president he had taken a deed."

This quotation shows that evidence of that nature was admissible upon the question of waiver, and that no one supposed that it was rendered inadmissible for that purpose because of the assumed alteration, by parol, of the contract required to be in writing, by the statute of frauds. The evidence in this case was not of such a nature as could be said to alter the contract. It was simply of such a nature as to show that the defendant waived the strict performance of its original requirements.

Again, it has been frequently held, in cases where the creditor was bound to diligence in pursuing by action at law his debtor in order to hold the guarantor, that if the creditor indulges the debtor by not enforcing payment of the debt by suit, if such indulgence be with the acquiescence of the guarantor the guarantor thereby waives his strict right and cannot afterwards take advantage of the creditor's indulgence to avoid his own contract. (*Wright* v. *Storrs* 6 Bosw. 600; Theobold on Principal and Surety, 87, § 165; *Woodcock* v. *Oxford & Worcester R. R. Co.*, 21 Law & Eq. R. 285; *Cumings* v. *Arnold*, 3 Metc. 486; *Adams* v. *Way*, 32 Conn. 160–172.)

The General Term in this case held that the evidence was properly admitted to prove the waiver and consent on the part of the defendant; and it also held that the evidence was properly received because it was not necessary for the validity of the defendant's guaranty that it should have been in writing; that the guaranty was not in law a contract to answer for the debt, default or miscarriage of another, but that it was an original undertaking to pay his own debt.

As we have said, we do not feel compelled to discuss the latter ground, and hold that the evidence was properly admitted as tending to show due diligence under all the circumstances and a waiver by the defendant of strict performance on the part of the plaintiff; and if believed, there was sufficient evidence in the case to support the verdict.

We are concluded by the finding of the jury on that issue, and for these reasons the judgment should be affirmed with costs.

All concur.

Judgment affirmed.