### SALT SPRINGS NAT. BANK *v.* SLOAN.

*(Supreme Court, General Term, Fourth Department.   July, 1891.)*

GUARANTY—RELEASE OF GUARANTOR—EVIDENCE.

Defendant executed to plaintiff bank his bond for the payment of a given sum in a year on certain drafts discounted by plaintiff for B. & C., if plaintiff, after due diligence, should fail to collect the amount of the draft from B. & C., or their assignee, within the time limited.   The amount not being collected within the year, plaintiff brought suit on the bond.   The evidence showed that plaintiff had filed a claim with B. & C.'s assignee, and had brought an action against B. & C., but had not entered judgment therein as soon as it might, having, by successive stipulations, allowed B. & C. 99 days' extension beyond the time that they were required to answer, and the execution against them was not returned until after the bringing of the action against defendant.   *Held*, that the court erred in refusing defendant's motion for a nonsuit, and in submitting the question of diligence on plaintiff's part to the jury, and that the evidence was insufficient to support a verdict for plaintiff.

Appeal from circuit court, Oneida county.

Action by the Salt Springs National Bank of Syracuse against George B. Sloan.   At the close of the plaintiff's evidence the defendant moved for a nonsuit upon the following grounds:   "*First.* Because the plaintiff has failed to prove facts sufficient to constitute a cause of action:   (*a*) By not showing execution issued against the principal debtors, and returned before suit brought; (*b*) by showing the execution was not issued until the year limited by the bond had expired; (*c*) by showing one draft was never sued; (*d*) by voluntarily giving Baker & Clark time to answer to the complaint.   *Second.* Because the plaintiff has been guilty of laches in not pushing the drafts to judgment, and issuing execution thereon.   *Third.* Because the plaintiff has failed to show due diligence, the condition precedent expressed in the bond."   The motion was denied, and an exception was taken.   At the close of the evidence the defendant made a motion based upon similar grounds, and the motion was denied, and an exception was taken.   In the course of the charge the trial judge said, viz.:   "I am going to leave all that as a question for you, for you to say whether they used due diligence or not.   The language of the bond and of the agreement is that they shall use due diligence.   If they failed at any time during the year this bond ran to use that due diligence, then they failed to comply with the condition which they were obliged to comply with, in order to maintain this action at all."   Again he said:   "I think it is competent for the defendant to claim, if the fact be true, that there was a failure to exercise due diligence after the expiration of the year, and before the commencement of this action.   Also:   "Whether they are entitled to recover that depends upon whether they exercised due diligence in the collections of those claims under the conditions of the bond and agreement.   If they did exercise due diligence, which is for the plaintiff to show, and is a condition precedent, they would be entitled to recover.   If they have not satisfied you that they have exercised due diligence during the year, although they did obtain the money afterwards, they are not entitled to recover.   I am requested to charge in behalf of the plaintiff, that, under the bond and agreement, it was not necessary for plaintiff to proceed against both Baker and Clark and their assignee for the collection of the drafts, but it could discharge its obligation by proceeding against either one of them.   As I have already indicated, I decline to charge that.   I charge it was their duty to proceed against the assignors and assignee, too."   The judge also charged:   "It is for the jury to say, at each step of the case, whether, in doing what they did do, he failed to exercise due diligence, or whether he did exercise due diligence."   An action was not commenced against Baker & Clark until August, 1887.   They obtained extensions by the consent of the plaintiff amounting to some 99 days, and judgment was not entered until January 4, 1888.   No execution was lodged with the sheriff until the 23d of February, 1888, which was several days after

the expiration of the year mentioned in the defendant's bond. This action was commenced on the 17th of March, 1888. No execution was returned until April 12, 1888, when the execution was returned *nulla bona.* February 24, 1887, proof of claim upon the drafts was filed by the plaintiff with the assignee of Baker & Clark, but no final accounting was had by the assignee prior to the commencement of this action. From a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial made on the minutes of the court, defendant appeals. For former report, see 11 N. Y. Supp. 32.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Francis E. Hamilton* and *Elisha B. Powell,* for appellant. *Frank H. His-cock,* for respondent.

HARDIN, P. J. It seems to be conceeded by the respondent that, "the facts now presented being practically unchanged," or essentially different from those presented to us on the former appeal, (11 N. Y. Supp. 32,) we therefore think we should follow our former decision in disposing of the appeal now before us. Applying the doctrine of the opinion delivered, we think the learned trial judge erred in refusing a motion for a nonsuit, and in submitting the question of due diligence to a jury as one of fact, and that the verdict is not supported by the evidence. Our attention is called to *Mead* v. *Parker,* 41 Hun, 577, affirmed, 111 N. Y. 259, 18 N. E. Rep. 727. That was an action upon a guaranty of collection of a bond and mortgage. The suit was defended on the ground that the plaintiff has not been "reasonably diligent in his efforts to collect." "At the trial the plaintiff introduced parol evidence, for the purpose of showing that the defendant consented to the delay and waived performance of the condition of the guaranty, which the law implies, that the assignee of the bond and mortgage shall proceed with reasonable diligence to collect them;" and it was held "that the reception of parol proof, tending to show such consent and waiver subsequent to the making of the guaranty, was not error." See opinion of SMITH, P. J., 41 Hun, 578. In the course of the opinion in the court of appeals it is said: "No man could say upon an issue of due diligence that a plaintiff had failed to exercise it by commencing his action against the principal debtor, when, in justification of such failure, he showed a parol request of the surety to refrain from the commencement of the action until a certain time had elapsed within which he said he had no doubt that the principal debtor would pay. It certainly is competent evidence, as showing the circumstances in existence, which rendered the action of the plaintiff reasonably diligent in prosecuting the suit to foreclose the mortgage, and it did not in any degree alter the contract which was made by the defendant in writing." See 111 N. Y. 263, 18 N. E. Rep. 728. In the case in hand no acquiescence was shown or consent given by the defendant to any laches, omissions, or delays of the plaintiff. In the case of *Mead* v. *Parker, supra,* the evidence relating to the acquiescence or consent of the creditor was of such a character as to warrant the submission of the question to the jury in respect thereto. The finding of the jury of "a waiver by the defendant of strict performance on the part of the plaintiff" was upheld, it being said, near the close of the opinion, "there was sufficient evidence in the case to support the verdict." We think the case in hand differs from that one. In *Beardsley* v. *Fowler,* 23 Barb. 628, it was held: "Nothing will excuse the party holding the guaranty from the performance of this condition, except the act of the guarantor himself. It will not suffice for such party to say it would have been of no use to prosecute." That was an action upon a guaranty of a bond and mortgage, and it was held that the waiver by the guarantor of the proceedings to foreclose the mortgage did not excuse the assignee from proceeding against the mortgagor as stated upon the bond. In the course of the opinion it is said: "There is not evidence sufficient to be

submitted to the jury of any waiver, excepting to what related to the foreclosure of the mortgage; the evidence touching the waiver relates entirely to the mortgagee;" and a nonsuit was upheld. In *Tiffany* v. *Willis*, 30 Hun, 266, it was said by this court, in the course of the opinion delivered in that case, viz.: "As there was no dispute about the situation and circumstances of the parties, and no question as to the steps which have been taken or omitted by the guaranty against the principal debtor, the question of due diligence was a question of law. *Burt* v. *Horner*, 5 Barb. 501." Following the reasoning of our former opinion in this case, we feel constrained to set aside the verdict and order a new trial. 5 Hun, 265. Judgment and order reversed upon the exceptions, and a new trial ordered, with costs to abide the event.

All concur.