<hr />

MORELAND et al. v. DELHAYE.

(Supreme Court, Appellate Term.    June 30, 1908.)

1. TRIAL—SUBMISSION OF ISSUES TO JURY—WHEN REQUIRED.

Where the facts are disputed, or undisputed, but of such a nature that reasonable men may differ in regard to the inferences to be drawn therefrom, the issues are for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 332.]

2. CONTRACTS—ABANDONMENT—QUESTIONS FOR JURY.

Whether the failure for four days by defendant to have men at work doing what for a specified sum he had agreed to do, notwithstanding the notice to proceed, was not unreasonable, and therefore not necessarily a refusal to proceed, held for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1200.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John Moreland and another against Modeste A. Delhaye. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Mayer & Gilbert (A. S. Gilbert, of counsel), for appellants.
Sigmund Horkimer, for respondent.

MacLEAN, J.   Failure for a period of four days by the defend-
ant to have men at work doing what for a sum certain he had agreed
to do for the plaintiff, though not within a stipulated time, as that had
apparently been waived, even with notice to proceed, was not purely
a question of law herein, for "if the facts are disputed, or, if undis-
puted, they are of such a nature that reasonable men might differ in
regard to the inferences proper to be drawn from them," as herein,
"then those inferences are to be drawn by a jury under proper instruc-
tions from the court."   Mead v. Parker, 111 N. Y. 259, 262, 18 N.
E. 727, 728.   The submission of the reasonableness of delay was,
therefore, proper.   As failure or temporary delay was found by the
jury not unreasonable, so it was not necessarily a refusal to proceed,
and the right of the defendant to recover upon his counterclaim to
an amount justified by the evidence adduced followed as of course.
The judgment should be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.   SEABURY, J., concurs in re-
sult.