BANCO DI NAPOLI, Respondent, *v.* EMANUEL F. ROSENBAUM, Appellant.

First Department, May 31, 1935.

*Chester Bordeau* of counsel [*White & Case*, attorneys], for the appellant.

*Samuel B. Stewart, Jr.*, of counsel [*George C. Dix* with him on the brief; *Cravath, deGersdorff, Swaine & Wood*, attorneys], for the respondent.

UNTERMYER, J. The action is by the indorser of a promissory note against the defendant, a prior indorser.

The complaint contains two causes of action — the *first*, upon the theory that notice of dishonor was duly given to the defendant; the *second*, that the defendant waived notice of dishonor. We are of opinion that the complaint is not sufficient upon either theory.

The first cause of action contains no allegation that notice of dishonor was given to the defendant or to William S. Dooner, whom we will assume to have been the defendant's agent for that purpose. It is only alleged that the holder " duly presented said protested note to said William S. Dooner at defendant's said office and demanded payment thereof, but payment was refused and the same was not paid." · These allegations, though sufficient as allegations

of demand for payment and non-payment of the note, do not suggest that notice of dishonor was given to the defendant or to his agent as required by law. (Neg. Inst. Law, § 160.)

The second cause of action does not allege facts sufficient to establish any waiver of notice of dishonor. It is alleged that after non-payment the defendant communicated with the maker of the note suggesting that the maker request that action on the note be deferred " until the matter could be settled." It is further alleged that shortly thereafter the defendant informed the plaintiff's attorneys that he had arranged with the maker to pay the note and requested that action be deferred until confirmation of that arrangement was received. The plaintiff, it is alleged, complied with that request and for that purpose agreed to defer action for a period of about one week.

Undoubtedly notice of dishonor may be waived either expressly or by implication. (Neg. Inst. Law, § 180.) Waiver is implied where it appears affirmatively that with full knowledge of the facts the indorser has acknowledged liability on the indorsement, notwithstanding that notice was not given. (*Trimble* v. *Thorne*, 16 Johns. 152.) Such a waiver, however, " must be clearly established and will not be inferred from doubtful or equivocal acts or language." (*Ross* v. *Hurd*, 71 N. Y. 14.) And to the same effect see *Congress Brewing Co., Ltd.*, v. *Habenicht* (83 App. Div. 141); *Carmen* v. *Higginson* (245 Mass. 511; 140 N. E. 246). Tested by these principles, the facts alleged in the second cause of action are not sufficient to constitute a waiver of the defendant's right to insist upon notice of dishonor. At no time after dishonor did the defendant admit liability on the note. He requested, it is true, that action on the note be postponed until arrangements could be concluded with the maker to pay the note. But the defendant's desire to arrange for the payment of the note by the maker was not inconsistent with an intention to resist liability on the ground that proper notice of dishonor had not been given to him.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order, with notice of entry, upon payment of said costs.

MARTIN, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with leave to plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.