BASTIAN BROTHERS CO. *v.* BROWN.

1. GUARANTY—COLLECTION—PLACE OF CONTRACTING.

Contracts of guaranty of collection of renewal notes were made in New York where obligee, a New York corporation, received the renewals and respective contracts of guaranty there and deposited the former notes in the mail there, although the renewals and their contracts of guaranty were executed in Michigan, as a contract of guaranty is not binding until acted upon.

2. SAME—PLACE OF CONTRACTING—BILATERAL OR UNILATERAL CONTRACTS.

If a contract of guaranty is bilateral, its place is to be determined according to the usual rules governing bilateral contracts, but if such a contract is unilateral and therefore does not become binding until the requested credit is extended to the principal debtor, the place of contracting is where the credit is extended.

3. SAME—PLACE OF PAYMENT.

Although a contract of guaranty does not state the place of payment, the creditor's place of residence at the time when the contract was made may be deemed, by implication of fact, the place of performance contracted for in view of the general common-law principle that a debtor must seek the creditor and make tender to him wherever he is found.

4. SAME—COLLECTION—NEW YORK.

Defendant's agreement reciting that in consideration of payee's acceptance of renewal note from obligor that defendant would guarantee collection thereof, which agreement was made and performable in New York, under the law of that State constituted a guaranty of collection, not of payment, of the principal obligation.

5. SAME—NEW YORK—COLLECTION—DILIGENCE.

Under the law of New York, while the liability of a guarantor of payment is absolute, the liability of a guarantor of collec-

tion is conditional and becomes fixed only if the creditor exercises reasonable diligence in collecting from the principal debtor.

6. SAME—NEW YORK—DILIGENCE OF CREDITOR.

Under the law of New York, reasonable diligence in cases of guaranties of collection demands that, unless there are mitigating circumstances, the creditor prosecute the judgment and return of execution thereof unsatisfied.

7. SAME—NEW YORK—COLLECTION—NOTICE.

Under the law of New York, when a guaranty of collection requires that notice of the default of the principal debt be given within a certain time, the guaranty is unenforcible if notice is given after the time stipulated.

8. SAME—NEW YORK—GUARANTOR'S ACQUIESCENCE IN CREDITOR'S INDULGENCE OF DEBTOR—WAIVER.

Under the law of New York, where a creditor is bound to exercise diligence in pursuing his debtor by an action at law in order to hold the guarantor if the creditor, with the acquiescence of the guarantor, indulges the debtor by not enforcing payment of the debt by action, the guarantor thereby waives his strict right and cannot afterwards take advantage of the creditor's indulgence to avoid his own contract.

9. SAME—NOTICE—WAIVER.

Michigan guarantor to New York creditor of Michigan debtor waived strict right to notice of default within five days thereof as provided by contract where after expiration of five-day period guarantor requested creditor's indulgence of debtor and creditor relied thereon to its detriment, the contract of guaranty being made and performable in New York.

10. BILLS AND NOTES—NOTICE OF DISHONOR TO PERSONS SECONDARILY LIABLE—ACKNOWLEDGMENT OF LIABILITY.

Persons secondarily liable upon a promissory note are held liable even though notice of dishonor has not been given within a reasonable time if, after notice has been received, they have acknowledged liability.

11. SAME—NEW YORK—NOTICE OF DISHONOR—WAIVER.

Under the law of New York, notice of dishonor may be waived either expressly or by implication and is impliedly waived where it appears affirmatively that with full knowledge of the

facts the indorser has acknowledged liability on the indorsement, notwithstanding that notice was not given.

12. GUARANTY—NOTICE OF DEFAULT—WAIVER.

Michigan guarantor of Michigan debtor's obligation to a New York creditor by contract of guaranty, made in New York, made an unequivocal acknowledgment of liability with full knowledge of the facts where, after expiration of period within which it was to receive notice of default, it requested creditor not to proceed against the principal obligor and that if that course were pursued the creditor would get all the money due it.

13. SAME—DILIGENCE—CIRCUMSTANCES OF PARTICULAR CASE.

Under the law of New York, reasonable diligence on the part of a creditor in the collection of an obligation due it from a principal debtor, the collection of which has been guaranteed by a third party, is a question to be determined in view of all the facts and circumstances of the particular case.

14. SAME—NEW YORK—COLLECTION—DILIGENCE—NOTICE OF DEFAULT.

Under the law of New York governing guaranties of collection, where guarantor of Michigan brewery corporation's notes to New York creditor, due June 30th and August 31st, stated that funds thereby furnished were to enable debtor to have sufficient working capital to take advantage of the summer season, creditor's failure to press debtor for payment by suit or to write guarantor until after expiration of five-day period within which creditor was to notify guarantor of default was not such a lack of diligence as to relieve guarantor from liability on its guaranties.

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted January 2, 1940. (Docket No. 11, Calendar No. 40,845.) Decided April 19, 1940.

Assumpsit by Bastian Brothers Company, a New York corporation, against John L. Brown for sums due on guaranty of promissory notes. Judgment for plaintiff. Defendant appeals. Affirmed.

*Frazer & Popkin,* for plaintiff.

*S. Brooks Barron (Helen E. Trattner* and *John O. Hoyt,* of counsel), for defendant.

POTTER, J.   March 1, 1935, Bastian Brothers Company, a New York corporation, plaintiff and appellee herein, held notes of the Food City Brewing Company, a Michigan corporation, in the amount of $1,496.77.   On that date the Food City Brewing Company executed three notes to the appellee for the total amount of the indebtedness, which notes were in renewal of the former notes then in default.   Two of the notes were for the sum of $299.35 each.   Note No. 1 fell due June 30, 1935, and note No. 2 matured August 31, 1935.   The third note is not involved in this action.

March 11, 1935, defendant, an investment banker and representative of the brokerage firm which sponsored the capital stock issue of the Food City Brewing Company, forwarded from Detroit, Michigan, the two renewal notes to the plaintiff company in New York together with a paper signed by him reading:

"In consideration of your acceptance of the above attached hereto, I hereby guarantee the collection of the above note No. 1, due June 30, 1935, * * * provided that within five (5) days of default, I receive from you notice of such default."

An identical guaranty was inclosed relative to note No. 2.   Plaintiff upon receiving the renewal notes returned the former notes by placing them in the mail in the State of New York.   Upon maturity neither note was paid and notice of default was given defendant within five days upon note No. 1, but was not received until the sixth day after default upon note No. 2.   September 13, 1935, plaintiff wrote de-. fendant insisting "that the first note, including the

interest and protest fees amounting to $310.33, be
taken care of by September 20th, and the second note
to be paid within 30 days." September 23, 1935,
plaintiff wired: "Imperative you answer today our
letter of September 13th." October 1, 1935, defend-
ant wrote:

"I am pleased to advise that I have now collected
a sum equal to approximately 10 per cent. of the
amount of the notes, and that I expect an additional
sum which I hope will be substantial by the end of
this week, at which time I will mail you a check to
apply on account. * * *

"I deeply appreciate the fact that you have co-
operated with the Food City Brewing Co. to the full-
est extent and hope that you will bear with the com-
pany just a little while longer, for in so doing you
will get all the money due you without the costly ex-
pense of legal action which in itself would seriously
militate against my collection for you of the amount
now owing you, and which of course would seriously
imperil the payment of the notes which will mature
August 31, 1936."

October 10, 1935, defendant again wrote plaintiff:

"I had expected to collect some additional money,
which together with the amount now on hand I had
hoped to mail to you prior to this time, but I am
definitely assured of the same Tuesday, October 15th,
at which time I hope to send you a check for a sub-
stantial amount of the Food City's past due notes
due you."

On or about November 25, 1935, the Food City
Brewing Company filed proceedings for reorganiza-
tion in the district court of the United States for the
eastern district of Michigan, southern division.
Plaintiff did not participate in these proceedings nor
did it file its claim or accept the plan of reorganiza-

tion. January 4, 1938, plaintiff brought action upon the guaranties, and from a judgment for plaintiff defendant appeals.

Appellant claims the instruments sued upon are guaranties of collection; that it is a condition precedent to recovery upon a guaranty of collection that the creditor exercise due diligence to collect from the principal debtor; that plaintiff neither alleged nor proved any attempt to collect the notes beyond a mere presentation for payment when due; and that for these reasons judgment should be reversed. Appellant further claims that in no event can there be recovery upon note No. 2 as notice was not given within the five-day period contracted for.

Appellee contends the letters written by defendant to plaintiff had the practical effect of staying proceedings contemplated by plaintiff against the principal debtor to the detriment of plaintiff, and that defendant is, therefore, estopped to take advantage of plaintiff's failure to comply with conditions precedent to recovery.

The contracts of guaranty were made in New York.

A contract of guaranty is not binding until acted upon. *Crittenden* v. *Fiske*, 46 Mich. 70 (41 Am. Rep. 146).

"If a contract of guaranty is bilateral, its place is to be determined according to the usual rules governing bilateral contracts. But most contracts of guaranty are unilateral and do not become binding until the requested credit is extended to the principal debtor. In such cases the place of contracting is where the credit is extended." 2 Beale, The Conflict of Laws, § 324.1, p. 1068.

The guaranty was acted upon and the credit extended when the plaintiff deposited the former notes

in the mail. *Milliken* v. *Pratt,* 125 Mass. 374 (28 Am. Rep. 241).

See, also, *John A. Tolman Co.* v. *Reed,* 115 Mich. 71.

The contracts of guaranty were to be performed in New York. Although the contract did not state the place of payment, ''the general principle of common law is that the debtor must seek the creditor and make tender to him wherever he is found; and even without reference to this principle, the creditor's place of residence at the time when the contract was made will often be deemed by fair implication of fact the place of performance contracted for.'' 6 Williston on Contracts (Rev. Ed.), p. 5138, § 1812.

See, also, *Weyand* v. *Park Terrace Co.,* 202 N. Y. 231 (95 N. E. 723, 36 L. R. A. [N. S.] 308, Ann. Cas. 1912 D, 1010).

Since the place of performance and the place of making are the same, it is unnecessary to decide whether the problem involved in this case is one of the nature, obligation and effect, or of the performance, of the contract. Restatement, Conflict of Laws, p. 408 *et seq.,* § 332; § 332 (comment c, p. 410) ; p. 437 *et seq.,* § 358; § 358 (comment b). For the same reason, it is unnecessary to decide whether the law of the place of making (*Millar* v. *Hilton,* 189 Mich. 635), or the law of the place of performance (*Douglass* v. *Paine,* 141 Mich. 485; 2 Beale, The Conflict of Laws, § 332.30, p. 1144; Goodrich, Conflict of Laws, p. 337), is to be applied. Whichever rule is followed, the applicable law is that of New York. The guaranties sued upon are guaranties of collection and not guaranties of payment. *Cumpston* v. *McNair,* 1 Wend. (N. Y.) 457. While the liability of a guarantor of payment is absolute, the liability of a guarantor of collection is conditional and becomes fixed only if the

creditor exercises reasonable diligence in collecting from the principal debtor. *McMurray* v. *Noyes,* 72 N. Y. 523 (28 Am. Rep. 180); *Northern Ins. Co. of New York* v. *Wright,* 76 N. Y. 445; *Consolidated Steel Corp.* v. *Pressed Steel Car Co.,* 118 Misc. 480 (194 N. Y. Supp. 649) (affirmed 205 App. Div. 840 [197 N. Y. Supp. 905]). Reasonable diligence in cases of guaranties of collection demands that, unless there are mitigating circumstances, the creditor prosecute to judgment and return of execution thereof unsatisfied. *Salt Springs National Bank of Syracuse* v. *Sloan,* 135 N. Y. 371 (32 N. E. 231); *Cumpston* v. *McNair, supra.* When a guaranty of collection requires that notice of the default of the principal debt be given within a certain time, the guaranty is unenforcible if notice is given after the time stipulated. *Whiteside* v. *North American Accident Ins. Co.,* 200 N. Y. 320 (93 N. E. 948, 35 L. R. A. [N. S.] 696); *Andes Co-operative Dairy Co.* v. *Commercial Casualty Ins. Co.,* 207 App. Div. 102 (201 N. Y. Supp. 664, affirmed 237 N. Y. 622 [143 N. E. 767]). As plaintiff made no effort to collect from Food City Brewing Company, and as to note No. 2 did not give notice of default until later than the time stipulated in the guaranty, plaintiff under ordinary circumstances could not recover from the defendant guarantor.

The courts make an exception to the general rule when the guarantor has induced the creditor to withhold legal proceedings against the principal debtor.

"Again, it has been frequently held, in cases where the creditor was bound to diligence in pursuing by action at law his debtor in order to hold the guarantor, that if the creditor indulges the debtor by not enforcing payment of the debt by suit, if such indulgence be with the acquiescence of the guarantor the

guarantor thereby waives his strict right and cannot afterwards take advantage of the creditor's indulgence to avoid his own contract." *Mead* v. *Parker,* 111 N. Y. 259 (18 N. E. 727).

Within two weeks after the default upon note No. 2, plaintiff took steps to ascertain whether defendant would pay. If defendant had denied liability, or had first demanded that plaintiff prosecute the Food City Brewing Company, plaintiff would undoubtedly have taken the steps necessary to establish defendant's liability. But the defendant did not deny liability, but, on the contrary, requested plaintiff to "bear with the company just a little while longer, for in so doing you will get all the money due you without the costly expense of legal action." When plaintiff has relied upon defendant's word to plaintiff's own detriment, the defendant cannot now insist upon a strict compliance with the conditions precedent to recovery upon the guaranty.

Nor does the failure to give notice of default within five days after default prevent recovery. Persons secondarily liable upon a promissory note are held liable even though notice of dishonor has not been given within a reasonable time if after notice has been received they have acknowledged liability.

"Undoubtedly notice of dishonor may be waived either expressly or by implication. Negotiable Instruments Law, § 180. Waiver is implied where it appears affirmatively that with full knowledge of the facts the indorser has acknowledged liability on the indorsement, notwithstanding that notice was not given." *Banco Di Napoli* v. *Rosenbaum,* 244 App. Div. 654 (280 N. Y. Supp. 242).

See, also, *Hongkong & Shanghai Banking Corp.* v. *Lazard-Godchaux Co.,* 207 App. Div. 174 (201 N. Y. Supp. 771, affirmed 239 N. Y. 610 [147 N. E. 216]);

*Trimble* v. *Thorne,* 16 Johns. (N. Y.) 152 (8 Am. Dec. 302) ; *Vigen* v. *Castle Building Co.,* 19 Cal. App. (2d) 704 (65 Pac. [2d] 1340).

With full knowledge that the notice of default upon note No. 2 had not arrived until after the fifth day, defendant wrote plaintiff that if it would not proceed against the principal obligor defendant would collect the money and plaintiff would "get all the money due" it. This is an unequivocal acknowledgment of liability made with full knowledge of the facts and is a waiver of the right to insist upon notice within the time contracted for.

By reply brief, defendant submits there could be no waiver for the reason that appellee had already failed to exercise reasonable diligence to collect from the principal debtor at the time the letters upon which appellee relies were written. The first letter was written a month after default on the second note, and three months after default on the first note. Reasonable diligence is a question to be determined in view of all the facts and circumstances of the particular case. *Central Bank of Rochester* v. *Kimball,* 73 App. Div. 100 (76 N. Y. Supp. 227). At the time defendant sent the renewal notes to plaintiff, defendant explained the notes were to furnish the Food City Brewing Company with sufficient working capital "to take advantage of the coming summer season." Plaintiff's failure to press the principal debtor or to write defendant during the three months of July, August, and September was undoubtedly to enable the Food City Brewing Company to take full advantage of the "summer season" without the embarrassment of suit. Under the circumstances, there was no lack of reasonable diligence.

Judgment affirmed, with costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.