## SCHMIDT & WEBB *vs.* BLOOD & GREEN.

A *warehouseman*, not chargeable with negligence, is not responsible for goods entrusted to him, stolen or embezzled by his store-keeper or servant; and the *onus* of shewing negligence lies upon the owner.

Where a large quantity of any particular kind of merchandize is stored in a warehouse, and portions of it are from time to time delivered out without the storage thereon being paid, the *warehouseman* has a *lien* upon the portion left for the *storage of the whole.*

THIS was an action of *replevin,* tried at the New-York circuit in April, 1831, before the Hon. OGDEN EDWARDS, one of the circuit judges.

In November, 1828, the plaintiffs stored with the defendants, who were *warehousemen* at Brooklyn, 99 tons of hemp, parcels of which were from time to time delivered upon the order of the plaintiffs. In *January,* 1830, the defendants informed the plaintiffs that about 10 tons of hemp had been purloined from their stores by their store-keeper, and requested their assistance in recovering the property. In *February,* 1830, the plaintiffs demanded of the defendants the hemp then remaining in store, being six and a half tons, and tendered to them as the storage of the same $150, which sum exceeded the amount to which the defendants were entitled as storage for the quantity then on hand. The defendants refused to receive the money tendered, saying they had the key of the store and meant to keep it; that the hemp had been in store a good while and no storage had been paid upon it. The plaintiffs sued out a writ of *replevin,* and the six and a half tons of hemp were delivered to them by the sheriff. On these facts the plaintiffs rested. The defendants then offered to prove the purloining of the 10 tons by their store-keeper, and that they forthwith gave notice thereof to the plaintiffs; that the hemp purloined had been sold to a mercantile firm of the name of Forbush and Albert, who were abundantly solvent; that they urged the plaintiffs to *replevy* the hemp out of the hands of Forbush and Albert, but that having brought an action of trover, the plaintiffs declined to do so. They further offered to prove, that with the exception of the 10 tons pur-

ALBANY,
Oct. 1832.

Schmidt
v.
Blood.

loined and the six and a half tons taken under the replevin in this cause, they had accounted for the whole quantity of hemp stored with them ; that their *storage bills* for the whole quantity, amounting to $360,79, remained unpaid ; and that by the custom and usage of merchants in New-York and Brooklyn, they had a *lien* upon the six and a half tons remaining on hand at the time of the tender, for the general balance due to them. The judge refused to receive the evidence of *usage*, as being contrary to the law of the land, and ruled that he would not hear the other evidence offered unless the defendants would prove that the hemp alleged to have been purloined had been taken with the knowledge or assent of the plaintiffs, or that the person who took it was not the partner or store-keeper of the defendants. The defendants not being able to furnish such proof, the judge directed a verdict for the plaintiffs, which was accordingly rendered. The defendants ask for a new trial.

*J. L. Wendell,* for defendants. The defendants were not responsible for the hemp purloined by their store-keeper. A *warehouseman,* or depository of goods for hire, is bound only for ordinary care, and is not liable for a loss arising from accident where he is not in default ; and he is not in default when he exercises such due and common diligence in the care of goods entrusted to him as he would bestow in the care of his own ; 2 *Kent's Comm.* 441 ; 4 *T. R.* 581 ; *Peake's N. P.* 114 ; 4 *Esp. N. P. R.* 262 ; and even if the goods be stolen by his servant, he is not liable unless he has been guilty of gross negligence, the liability of a *warehouseman* in this particular being different from that of a *carrier* or *inn-keeper.* 2 *Kent's Comm.* 441. 1 *Esp. N. P. R.* 315. 7 *Cowen,* 497. Besides, the plaintiffs had a perfect remedy by *replevin* for the recovery of the hemp purloined, which they were urged to adopt, instead of which they brought *trover;* and if they have been unsuccessful in that action, they cannot visit their loss upon the defendants ; having thought proper to bring a suit against the purchasers of the hemp, and thereby deprived the defendants of replevying the property, they made their election to look to the purchasers and discharged the defendants. The

defendants had a right to retain the six and a half tons of hemp until their claim for the storage of the whole quantity was paid, and for it they had a *lien* upon the quantity which remained on hand; it grew out of a single transaction, and though they had lost their lien upon so much of the hemp as they had voluntarily parted with, they retained it upon the quantity remaining in their possession; the convenience of commerce requires that it should be so. 2 *Kent's Comm.* 495, 497, 501. 4 *Burr.* 2221. 3 *Bos. & Pul.* 494. *Ambl.* 252. 6 *T. R.* 262. 3 *Bos. & Pul.* 489.

*H. Bleecker,* for the plaintiffs. The defendants had no *lien* either at common law or by special agreement. The right of a person in possession, to retain property until his demands be satisfied, exists only where from the nature of his employment he is under obligation to receive the goods of another, as in the case of carriers and inn-keepers. *Montague,* 33, 48. At all events, the lien of the defendants upon the six and a half tons did not extend beyond their claim for storage upon that quantity, and they could not claim to retain it for their charges upon the quantities previously delivered. 4 *Burr.* 2221. For the storage of the six and a half tons an ample compensation was tendered. Besides, the defendants did not place their refusal to deliver the hemp upon the ground of such lien; they said they meant to keep it, and they cannot now set up such claim in defence. *Montague,* 120. 1 *Campb.* 410. The defendants having failed in their duty to take proper care of the property entrusted to them, and being liable to the plaintiffs for the value of the hemp purloined to an amount exceeding the claim for storage, cannot avail themselves of the doctrine of lien as a defence to this action. A party who does not perform his trust is not entitled to pay; and where one, entrusted with the property of another, has rendered himself liable for it, he cannot claim compensation for services rendered in respect to it. 1 *Anthon's N. P.* 56. 6 *Johns. R.* 171. 8 *id.* 213. *Bull. N. P.* 73. *Molloy,* 24. 1 *Ld. Raym.* 650. *Caines' Lex Merc.* 157, 158, 103, 178. The defendants cannot complain that *trover* instead of *replevin* was brought against the purchasers of the purloined hemp, who are admit-

ted to have been abundantly solvent; the form of action was therefore a matter of indifference.

ALBANY,
Oct. 1832.

Schmidt
v.
Blood.

*By the Court,* SUTHERLAND, J. It appears to be well settled, that a *warehouseman,* or depositary of goods for hire, is responsible only for ordinary care, and is not liable for loss arising from accident when he is not in default; 2 *Kent's Comm.* 441; 4 *T. R.* 481; *Peake's N. P.* 114; 4 *Esp. N. P. R.* 262; and in *Finucane* v. *Small,* 1 *Esp. N. P. R.* 315, it was held that if goods be bailed to be kept for hire, if the compensation be for *house-room,* and not a reward for care and diligence, the bailee is only bound to take the same care of the goods as of his own, and if they be stolen or embezzled by his servant, without gross negligence on his part, he is not liable; and the *onus* of shewing negligence seems to be upon the plaintiff, unless there is a total default in delivering or accounting for the goods. 7 *Cowen,* 500, *note a. and cases there cited.* 3 *Taunt.* 264. 5 *Barn. & Cres.* 322. 1 *H. Black.* 298. *Jones on Bailment,* 106, *n.* 40. 2 *Salk.* 655. 1 *T. R.* 33. The defendant's claim for storage, therefore, is not prejudiced by the fact that a portion of the goods had been purloined or embezzled by the store-keeper or servant.

The defendants had a lien on the whole and every part of the hemp for their storage of the whole; it was but one parcel; the whole was deposited with them at the same time; it was but one transaction. It is admitted that the defendants might have refused to deliver any portion of the hemp until their storage for that particular portion was paid; but having parted with all but six and a half tons, it is contended that they have no right to retain that for their charges in relation to the other portions. This cannot be; it would be found most inconvenient in practice. Restricting the lien to services rendered in relation to the whole quantity deposited at the same time, it becomes a just and reasonable rule, giving effect undoubtedly to the actual intentions and understanding of the parties, and promoting the convenience of trade and business. 2 *Kent's Comm.* 495, 6.

New trial granted.