# THIRD DEPARTMENT.

## GENERAL TERM, MAY, 1874.

GIBSON v. AMERICAN MERCHANTS' UNION EXPRESS COMPANY,
appellant.

*Common carriers — limitation of liability by provision in receipt — notice — loss beyond lines of .contracting carrier — refusal of consignee to receive goods " C. O. D."*

Plaintiff's clerk delivered to defendant, an express company, a box of goods for transportation to a point beyond defendant's lines, and upon the lines of another express company. The box was directed to " S. F. D." and the company was directed to collect on delivery, of the consignee, $45. At the time the box was delivered to defendant, a receipt filled out by plaintiff's clerk was given by defendant, in which it was stated that defendant only undertook to carry the box to the point on its own lines nearest the point of destination, to there deliver it to the other company, that defendant should be liable only as forwarder and not for loss by fire, and that it should not be liable for loss at a point not on its own lines. The box was delivered by defendant to the other company at a point on defendant's lines nearest the destination of the box, and was by that company tendered to the consignee, who refused to pay the charges. It was then taken to the storehouse of that company, in the same place, and while there destroyed by fire. *Held*, (1) that plaintiff had legal knowledge of the contents of the receipt ; (2) that under its provisions defendant was not liable for loss after delivering the box to the next carrier in the usual course of business, and the direction to collect on delivery did not change the character of the shipment so as to make defendant liable. *Held*, also, that in this case, after tender to the consignee and refusal to accept, the carrier became liable only as warehouseman, and only for a loss occurring from negligence.

APPEAL from a judgment of the county court of Montgomery affirming a judgment in favor of the plaintiff, DeWitt C. Gibson, in a justice's court.

On the 20th day of February, 1871, the plaintiff delivered to defendant at Fort Plain, N. Y., a box containing a light double har-

ness worth $45, marked " S. F. Dana, Malden, West Virginia, C. O. D. $45." From blank receipts left by defendant with plaintiff, his son and clerk drew up a receipt for this box which was signed by defendant's agent and returned to plaintiff. By the terms of that receipt defendant undertook to forward the box to the nearest point of destination reached by defendant, but was not to be liable for any loss or damage, except as forwarder only, nor for loss by fire, nor any default or negligence of any company to which the property might be delivered for transportation, etc., off the route of defendant, nor was such other company to be deemed the defendant's agent, but on the contrary, it was to be taken as plaintiff's agent as to this property. The defendant took the box and transported it to Columbus, Ohio, the nearest point on its route to West Virginia, and at Columbus on the 22d day of February, defendant delivered said box in good order to Adams Express Company. By this last company the box was transported to Malden, West Virginia. When it reached Malden does not appear. The evidence tended to show that the package was tendered to S. F. Dana, the consignee, who refused to receive or pay the charges and collection thereon. When this was does not appear. Upon the 2d day of March, 1871, the box still being in the possession of Adams Express Company at Malden, the express office was burned, and with it this box and its contents. The cause of the fire does not appear. After the burning of the box the plaintiff at Fort Plain demanded the amount to be collected by defendant, or a return of the property. Upon a failure to do either, this action was brought, and plaintiff recovered $45 damages. The judgment of the justice was affirmed by the county court and an appeal is now taken to this court.

*J. Genter,* for appellant.

*J. D. & F. F. Wendell,* for respondent.

BOARDMAN, J. Upon the facts stated it cannot be doubted that plaintiff should be held, in law, to have known the contents of the receipt made out by his clerk upon blanks for his daily use. Nor can it be doubted that a common carrier, in ordinary cases, would not be responsible, under such receipt, for loss or damage to property after its safe delivery to the next connecting carrier, according to the usual course of business. *Reed* v. *U. S. Exp. Co.,* 48 N. Y. 462.

The letters C. O. D., and the contract thereby expressed, do not, in my judgment, change this shipment from one of an ordinary character, until the collection shall, in fact, have been made. The duty to transport is precisely the same, and so of a tender of delivery. If the consignee neglects or refuses to take the property and pay the money, the property remains in the carrier's hands as a warehouseman, precisely as if no money besides the express charges were to be collected. In either case the carrier is responsible only for a loss caused by its negligence. *Weed* v. *Barney*, 45 N. Y. 344. If this be true, the defendant was not liable for loss after delivery to the Adams Express Company under the facts in this case.

But in this case it may well be doubted if the defendant would have been liable had its route run to Malden, West Virginia, and the loss happened, as appears by this evidence, in defendant's own office at that point. It is not shown when the box arrived at Malden, or when it was tendered to the consignee and refused by him. After such refusal, it was the duty of the carrier to keep the property as a warehouseman. But very soon thereafter, and before advice could have been obtained from the plaintiff, the office and box were burned. It may be claimed the carrier was not bound to notify plaintiff in the absence of contract or direction. *Weed* v. *Barney*, 45 N. Y. 347, 348. If the carrier became a warehouseman, by the refusal of the consignee to accept, he could only be made liable for his negligence. Negligence cannot be presumed, but must be proven after proof of the destruction by fire, and after tender, as in this case. *Bush* v. *Miller*, 13 Barb. 481; *Schmidt* v. *Blood*, 9 Wend. 268. Now, it seems plain that the express company became a warehouseman, and as there is no proof that the fire was caused by its negligence, it could not justly be held responsible.

Upon both grounds, I think the judgments of the county court and of the justice's court should be reversed, with costs.

*Judgment reversed.*