By the Court.—Van Vorst, J.
This action was brought to recover the value of merchandise left by the plaintiff with the defendants, who are warehouse-men, on storage. ■
The plaintiff, in his complaint, alleges a demand, and that the defendants have neglected and refused to comply therewith, and that they have converted the merchandise to their own use, or have so disposed of the same as that it is wholly lost to the plaintiff.
The defendants in their answer alleges that their warehouse was feloniously entered, and the merchandise stolen and carried away by some unknown person or persons, without any fault or negligence on their part.
If the goods in question were in this manner stolen and carried away from' the defendants’ possession the plaintiff could not recover (Schmidt v. Blood, 9 Wend. 268; Platt v. Hibbard, 7 Cow. 497).
The learned counsel for the plaintiff contends there is no satisfactory evidence that the goods were stolen, and that the default in delivering, or accounting for the goods, renders his claim for their value complete.
The felonious act of taking the goods from the warehouse is indeed not directly proven. But it is so clearly established by circumstances and conditions, as to leave no reasonable doubt but that the offense was committed. On October 23, 1872, the merchandise was contained in cases standing on the second floor of the defendants’ warehouse, where they had been for some time previous.
On the evening of that day the warehouse, after being examined and searched in the accustomed manner, as to its safety, its windows and shutters being found secured, its doors were locked, and the premises were left for the night, from all that appeared in a condition of safety against burglary. On the morning of October 24 the cases were found opened, rifled of their *247 contents. The sash of a window opening upon a narrow and dark alley-way, in the rear of the building, which was left closed the previous night, was found raised, the hook of an iron shutter which inclosed the window, was unfastened, although the iron bar which ran across it was substantially in its place. As there were no marks of violence on the outside of the shutter, and as the iron bar was neither broken nor wrenched, the presumption is that the window was raised and the shutter opened by some person within the building.
The night had been rainy. There were muddy tracks of foot-prints on the floor, near the cases, and leading to the window, and upon bags of nuts lying upon the floor, near the window, over which the felons must have passed during the removal of the goods, going out and in. These facts and conditions, with reasonable certainty, establish that the goods were stolen.
Crimes of this character, perpetrated during the night, have rarely any witnesses beyond those aiding the guilty perpetrators, and must needs be proved by facts and circumstances. And when these are found, which reasonably point and lead to the crime, its fact must be considered as established.
There is no evidence in the case to break the force of these facts and circumstances, or defeat the conclusion reached through them.
How entrance was obtained is not so clear. Upon examination of the buildings on the morning when the loss was first discovered, no means of access during the night was discovered besides the window; and the shutters exhibiting no signs of external force, the statement of one of the witnesses that a “sneak thief” must have gotten in during the previous day and concealed himself in the building, seems probable. -
The conclusion being reached that the evidence *248 justifies a finding that the goods were stolen, the defendants would be exempt from liability, unless the loss was occasioned by their negligence and want of care.
• The manner in which the cause was tried seems to indicate that the parties attached no great importance as to the order of proof upon the subject of negligence, or as to upon whom the burden in the first instance rested. For the defendant’s counsel, when they took the case, not' only proved the felony by the facts and circumstances above related, but also went beyond that, and gave evidence tending to.show the safe and secure manner in which their warehouses were constructed and maintained. They gave evidence of the manner in which it was kept and guarded, of the num - ber of men employed, and their duties, of the manner in which access to the building could only be had, of the guard kept over entrances, and of the searching the building in the evening, and the securing of windows and doors. This evidence shows the care of the defendants, and tends to negative any presumption that the goods were lost through their negligence.
But afterwards, and when the • defendants closed their case, the plaintiff introduced evidence tending to show the absence of such care, diligence and watchfulness in the conduct of the defendants’ business, and over their warehouse, and the property committed to their care, as prudence required.
The burden of proving that the theft was owing to the defendants’ negligence' or want of care rested upon the plaintiff. Before he could recover, the jury must be satisfied that the loss was in that manner occasioned. Many reported cases have decided that the onus is upon the plaintiff to furnish such evidence.
The case of Claflin v. Meyer, in the court of appeals, not yet reported, but a manuscript opinion in *249 which has been handed up with the papers, is exceedingly clear and emphatic on this subject, and is valuable as the latest expression of the court of appeals upon this interesting question.
Hand, J., who delivered the opinion of the court in that case, says, “ The plaintiff must in all cases, suing for the loss of goods, allege negligence, and prove negligence. This burden is never shifted from him. If he prove the demand upon the warehouseman, and his refusal to deliver, these facts, unexplained, are treated by the court as prima facie evidence of negligence ; but if either in the course of his proof or that of the defendant it appears that the goods have been lost by theft, the evidence must show that the loss arose from the negligence of the warehouseman.” And this negligence or want of care, as the learned judge above clearly stated, and as is afterwards reiterated by him, the plaintiff must show.
The charge of1 the learned judge, before whom the trial in the case under consideration was had, in the end, expresses this as his view of the law. For -he said to the jury, , “If you believe the defendants have answered the non-delivery, then the onus is thrown upon the plaintiff to show that the defendants have not taken this care, and it is incumbent upon him to point out in some particular how the defendants have not done so.”
Whether, therefore, the plaintiff had shown such negligence or the want of such care as prudent men take under similar circumstances and conditions, was under the evidence, submitted to and has been decided by the jury. The counsel for the defendants holding that no such evidence of negligence' or want of care on the defendant’s part had been adduced, asked the judge to direct a verdict for the defendants, which was refused, and an exception was taken.
*250 There was a conflict in the evidence upon this subject, and the ruling of the judge was unquestionably correct. From the condition of the evidence the judge would not have been justified in taking the case from the jury, under the opinion of the general" term, which set aside the direction of the judge, on the previous trial. It cannot be said that there was not sufficient evidence on this subject for the consideration of the jury. Hand, J., in Claflin v. Meyer, supra, quotes with approval the language of Maule, J. (13 C. B. 916), as indicating the condition of a case which should not be submitted to a jury: “ When we say that there is no evidence to go to a jury, we do not mean literally none, but that there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established.”
That, under the evidence, is not this case. It is quite true that the defendants had given evidence, at considerable length, with regard to the safe character of their warehouses, and as to the manner in which they were managed, as to the number of men employed,' and their duties. How the entrances were watched, and how the buildings were searched, the evening previous to the robbery, and as to, how the windows were examined and the entrances secured. And looking at the case as the defendants left it with their proof, one could see no reasonable ground of "complaint.
But there was evidence introduced by the plaintiff in the direction of showing that the number of men employed were not sufficient for the discharge of their duties, and for the maintenance of a proper watch and guard over the entrance of the defendants’ warehouses during the day. That at times the doors were unguarded, and facilities for entrance unobserved was afforded. That persons had entered on several occasions, without being seen, or seeing any person on guard at the en *251 trances, and had gone up to the second floor before meeting an employee ; that a door in the rear of the building, opening on the narrow and unfrequented alleyway, was not, in fact, as defendants claimed, always kept locked or properly guarded. That it was on several occasions found unsecured, and that through it access could readily and without observation have been had by a thief, on the watch for an opportunity to enter, and conceal himself. That the search accustomed tobe made, and made the night of the robbery, was insufficient. The evidence also showed that no private night watch out • side the building was maintained, although it appeared that many merchants and warehousemen do keep such watchmen. I am not certain that the judge could say that, in law, none of these facts afforded any evidence of the want of that care in the management of the defendant’s business which ordinary prudence required, and which their relation to the persons who had stored their property with them for safe keeping, enjoined.
It was for the jury to determine, and not the judge, whether, under the evidence, the defendants exercised and maintained that care and diligence, with respect to their engagements and duties as warehousemen, as men of prudence would exercise, and whether the loss was occasioned by negligence or want of care (Schwerin v. McKie, 51 N. Y. 180).
Upon consideration of the defendants’ exceptions we find nothing upon which we would be justified in disturbing the verdict of the jury or the result reached.
As it was a case for the jury, it went to them under a charge from the court, so clear, express and considerate, that there was no room to doubt that unless negligence was shown, through which the loss occurred, the verdict would have been given for the defendants.
The charge of the learned judge amply guarded the *252 defendants’ rights, and the jury’s attention was distinctly called, and firmly held, to the sole ground upon which a verdict for the plaintiff could rest.
The judgment and order is affirmed, with costs.
Sedgwick, J., concurred.