[No. 15484.   Department Two.—December 15, 1894.]

## JAMES F. CUNNINGHAM ET AL., APPELLANTS, *v.* DANIEL KENNEY, RESPONDENT.

BAILMENT—LOSS OF HAY STORED IN WAREHOUSE—ACTION FOR STORAGE— ENTIRE CONTRACT.—A contract for the storage of hay in a warehouse for a season beginning October 17th, and ending June 1st, is an entire contract, notwithstanding a provision that the warehouse owner will not be responsible for loss or damage to hay from fire, and, if the warehouse and hay are wholly destroyed by fire before the time for the storage of the hay expires, the storage is not earned, and the warehouse owner cannot maintain an action to recover the price of storage.

ID. — COMPENSATION DETERMINED FROM CONTRACT — PERFORMANCE.—The right to recover compensation under a contract is to be determined

from the contract itself; and in order to recover, the plaintiff must show performance according to the terms.

ID.— PROPORTIONATE COMPENSATION.—Where the contract does not provide for contingencies, and for a proportionate compensation for proportionate service, the warehouseman cannot recover proportionate compensation.

ID.—POWER OF COURT OVER CONTRACTS.—The court cannot make contracts for parties, but can only determine such contracts as they have made.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*A. S. Kittredge,* for Appellants.

A warehouseman is responsible only for ordinary care, and is not liable for loss by accident without negligence. (Civ. Code, sec. 1852; *Wilson* v. *Southern Pac. R. R. Co.,* 62 Cal. 164, 172.) The defendant's right to storage is not prejudiced by the fact that the goods were destroyed by fire. (*Schmidt* v. *Blood,* 9 Wend. 268; 24 Am. Dec. 143.)

*W. L. Gill,* for Respondent.

The contract sued upon is an entire and not a severable contract, and, as the hay was destroyed by fire before the expiration of the life of the contract, the storage was never earned. (*Archer* v. *McDonald,* 36 Hun, 194; *New York etc. R. R. Co.* v. *Standard Oil Co.,* 87 N. Y. 486; 20 Hun, 39.)

The COURT.—This is an action to recover three hundred and sixty-nine dollars and forty-five cents, as bailees, for the price of storage by defendant of certain hay in the warehouse of plaintiffs. Defendant had judgment, from which judgment and from an order denying their motion for a new trial plaintiffs appeal.

The cause was tried by the court without a jury. The findings, which are supported by the evidence without conflict, show:

1. That in 1888 the plaintiffs and their grantor and

E. J. Swift, deceased, of whose estate T. V. Mathews is administrator, were the owners of a warehouse in the county of Santa Clara.

2. On or about September 1, 1888, defendant delivered to plaintiffs for storage in said warehouse certain hay, upon the terms and conditions expressed in an agreement in writing, of which the following is a copy:

> "YNIGO RANCHO WAREHOUSE,
> "MOUNTAIN VIEW, Oct. 17, 1888.

"This is to certify that Mr. Daniel Kenney has this day stored in sections — of the Ynigo Rancho Warehouse 3,016 bales wheat hay, weighing 720,000 lbs. balers' weight, subject to the following conditions: The warehouse owner will not be responsible for loss or damage to hay from effect of water, fire, damp, or other causes. Hay stored only for the season ending June 1st of each year. Rate, $1.00 on balers' weight. Storage payable only in gold coin of the United States, and must be paid before withdrawal of the hay. Weighing, 25 cents extra.          M. W. WILCOX, Manager,

> "37 North First street, San Jose."

3. Said hay remained on storage under said agreement until the seventeenth day of March, 1889, when, without the fault of defendant, the said warehouse and and hay were wholly destroyed by fire.

The answer of defendant charged plaintiffs with negligence, upon which issue the court did not find, deeming it unimportant, and holding as a conclusion of law that the contract of storage was an entire and not a severable contract, and that as the warehouse and hay having burned before the time for the storing of said hay expired, the agreement of plaintiffs to store the hay until June 1, 1889, was never performed or complied with by them and the storage never earned.

The following extract from the opinion of the learned judge who tried the case in the court below contains a correct exposition of the law applicable to the case, and is adopted as the opinion of the court.

" To defeat the plaintiffs' claim defendant insists, among other things, that the plaintiffs did not perform the contract, and hence cannot recover upon it.

"I am of opinion the point is well taken. As I understand the contract it is an entire one. The terms are, that, for a compensation of one dollar per ton, the plaintiffs agreed to store the hay for the season ending June 1, 1889.

"It is the duty of a bailee, at the end of the term for which property is stored, to return it to the bailor. While the law relieves the bailee at the suit of the bailor from liability for the value of the article stored when it is destroyed by fire without his fault, and when he has exercised reasonable care towards its preservation, it does not permit him to recover compensation for its custody and care when he is unable, through the the loss, to perform the contract he has undertaken. His right to recover compensation is to be determined from the contract itself, and, in order to recover, he must show performance according to its terms.

"The industry of counsel has furnished no authority which holds that a warehouseman agreeing to store property for a given time can recover the compensation provided by the contract when the property was lost by fire before the term of storage had expired.

"The case of Schmidt v. Blood, 9 Wend. 268, 24 Am. Dec. 154, cited by counsel, does not so hold. The only point, aside from the question of negligence, involved in that case was whether the warehouseman, after part of the goods stored had been stolen without his fault, had a lien upon the remainder for the compensation due for the whole, and the court held that he had.

" From that decision it can only be inferentially argued that if he had the lien he had the right to compensation, but it may be with equal force argued that the compensation may have been earned and the contract performed before the goods were stolen. As the terms and conditions of the contract in that case are not set forth, and the point in dispute here was not

directly involved in that case, it cannot be considered as authority.

"The case at bar comes, I am satisfied, under the rule announced in *Archer* v. *McDonald*, 36 Hun, 194. In that case McDonald agreed to store for Archer from October until May from fifteen thousand to thirty thousand barrels of lime, and to deliver it at the end of his wharf in May. For this he was to receive fifteen cents per barrel. In November, after twenty thousand barrels had been received, they caught fire without any fault of McDonald and were ruined by slacking. In that case the court held that the contract was an entire one, and that not only was McDonald not entitled to recover any compensation, but that Archer was entitled to recover back the money he had paid on account for storage.

"I see no difference in principle between the case cited and the case at bar.

"It is true that in both cases during all the time the articles were in possession of the warehouseman they had incurred liability and responsibility in the care of the property, and it seems inequitable that they are entitled to no compensation, as it seems to be equally inequitable to allow them compensation for services not performed.

"That, however, is not the fault of the law, but of the warehousemen. They could have provided in their contract for contingencies and for a proportionate compensation for proportionate service. They have not done so. The court cannot make contracts for the parties; it can only determine such contracts as they have made.

"In this case the plaintiffs have seen fit to enter into a contract entire in its terms, and their rights must be measured by it. As the plaintiffs failed to perform their contract and store the property for the time specified in their contract, they are not entitled to recover. The defendant is entitled to a judgment for his costs, and it is so ordered.

"W. G. LORIGAN, Superior Judge."

The foregoing reasons render a finding upon the question of negligence of no importance to the result.

The judgment and order appealed from are affirmed.