(46 Misc. Rep. 249)

### SIMONOFF et al. v. FOX.

(Supreme Court, Appellate Term. January 17, 1905.)

1. BAILEES—NEGLIGENCE—EVIDENCE.
   A total failure of a bailee to whom goods are intrusted for delivery to deliver or account for the goods is prima facie evidence of negligence.

2. SAME—EVIDENCE—QUESTIONS FOR JURY.
   In an action against a bailee for failure to deliver goods intrusted to him, the question of delivery or nondelivery—the evidence being conflicting—was one for the jury.

Appeal from City Court of New York, Trial Term.

Action by Henry Simonoff and another against William Fox. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Hawes & Judge, for appellant.
Reed & Reed, for respondents.

MacLEAN, J. This was an action to recover the value of goods intrusted, as alleged, to the defendant, on or about February 3, 1902, to deliver to the Jacobson Skirt Company, and negligently lost by him. "Where there is a total default in delivering or accounting for the goods (Schmidt & Webb v. Blood & Green, 9 Wend. 268, 24 Am. Dec. 143), this is to be treated as prima facie evidence of negligence." Claflin v. Meyer, 75 N. Y. 260, 262, 31 Am. Rep. 467. Herein, however, the defendant, by his employé, a wagon boy, testified to their delivery to the receiving clerk of the Jacobson Skirt Company, and the return of the receipt book to the shipping clerk of the plaintiffs. On the other hand, one Jacobson

¶ 1. See Bailment, vol. 6, Cent. Dig. §§ 124, 125.

testified that he did not know whether he was at his place of business on February 3d; that four young men were employed by him; that he never received the goods; that he knew, of his own knowledge, that the goods were not received, by having gone through the different orders; and that 10 or 12 days later they looked for the goods, but could not find them in stock. This, the only—mayhap slight—evidence of nondelivery, may not be said to be of weight with the positive testimony of the wagon boy; nor was there so much as attempt at flat contradiction, by calling, as they might, the receiving clerk of the consignee. But the shipping clerk of the plaintiffs positively denied ever having received the receipt book, or any receipt back, from that boy for those goods. In this material particular the jury may have believed the clerk and disbelieved the boy, and so have disregarded the testimony of the latter—quite within their province—as their verdict in favor of the plaintiffs would seem to indicate, and the judgment entered thereon must stand.

Judgment affirmed, with costs. All concur.