REGINA VEIHELMANN, Appellant, *v.* MANUFACTURERS SAFE DEPOSIT COMPANY, Respondent.

Argued November 26, 1951; decided March 13, 1952.

*Ralph Stout* and *Frederick B. Merkle* for appellant.  I. The relation between plaintiff and defendant was that of bailor and bailee or depository for hire, in that the principles applicable to such a bailment determine the rights and obligations of the parties.  (*Roberts* v. *Stuyvesant Safe Deposit Co.*, 123 N. Y. 57; *Lockwood* v. *Manhattan Stor. & Warehouse Co.*, 28 App. Div. 68; *Carples* v. *Cumberland Coal & Iron Co.*, 240 N. Y. 187; *Cohen* v. *Manufacturers Safe Deposit Co.*, 297 N. Y. 266; *Moller* v. *Lincoln Safe Deposit Co.*, 174 App. Div. 458; *McDonald* v. *Perkins Co.*, 133 Wash. 622; *Schaefer* v. *Washington Safety Deposit Co.*, 281 Ill. 43; *Pittsburgh Safe Deposit Co.* v. *Pollock*, 85 Pa. 391; *Blair* v. *Riley*, 37 Ohio App. 513; *Cussen* v. *Southern California Sav. Bank*, 133 Cal. 534; *Security Stor. Co.* v. *Martin*, 144 Md. 536.)  II. Plaintiff having made out a prima facie case, it was for defendant to explain the disappearance of the money; whether the evidence adduced by defendant was sufficient for that purpose was a question of fact for the jury — it was error for the court to dispose of the question as one of law.  (*Lederer* v. *Railway Term. Co.*, 346 Ill. 140; *German Union* v. *Trust Co.*, 315 Ill. 204; *Sporsem* v.

*First Nat. Bank,* 133 Wash. 199; *Burnell* v. *New York Central R. R. Co.,* 45 N. Y. 184; *Fairfax* v. *New York Central & H. R. R. R. Co.,* 67 N. Y. 11; *Cussen* v. *Southern California Sav. Bank,* 133 Cal. 534; *Schuster* v. *Erie R. R. Co.,* 145 App. Div. 71; *Miller* v. *Ocean S. S. Co.,* 118 N. Y. 199.)

*Leonard G. Bisco* and *Henry Landau* for respondent. I. The ultimate burden of establishing both respondent's negligence in the operation and maintenance of the vault and its causal connection with the loss rests upon appellant. Respondent was not a depository for hire though the relationship between appellant and respondent has some aspects of a bailor-bailee relationship within the area of its exclusive control. (*Sporsem* v. *First Nat. Bank,* 133 Wash. 199; *Roberts* v. *Stuyvesant Safe Deposit Co.,* 123 N. Y. 57; *Lockwood* v. *Manhattan Stor. & Warehouse Co.,* 28 App. Div. 68; *Carples* v. *Cumberland Coal & Iron Co.,* 240 N. Y. 187; *Wells* v. *Cole,* 194 Minn. 275; *People* v. *Mercantile Safe Deposit Co.,* 159 App. Div. 98; *Cohen* v. *Manufacturers Safe Deposit Co.,* 297 N. Y. 266; *Claflin* v. *Meyer,* 75 N. Y. 260; *Draper* v. *President, Managers & Co. of D. & H. C. Co.,* 118 N. Y. 118; *Carney* v. *Bares,* 267 App. Div. 175.) II. Plaintiff failed to sustain her burden of proving that the claimed loss was due to defendant's want of due care in the management and operation of the vault. (*Bohmont* v. *Moore,* 138 Neb. 784; *Gillett* v. *Michigan United Traction Co.,* 205 Mich. 410; *Lincoln* v. *French,* 105 U. S. 614; *People ex rel. Wallington Apts.* v. *Miller,* 288 N. Y. 31.) III. In the absence of any legally sufficient evidence of want of due care, the trial court properly dismissed the complaint. (*Wallach* v. *Gray's Sons, Inc.,* 244 App. Div. 873; *Kagan* v. *Avallone,* 243 App. Div. 437; *Myers* v. *Daley,* 236 App. Div. 879; *Powers* v. *New York Central & H. R. R. R. Co.,* 128 N. Y. 659; *Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241; *Matter of Case,* 214 N. Y. 199; *Clark* v. *Harnischfeger Sales Corp.,* 238 App. Div. 493; *Potts* v. *Pardee,* 220 N. Y. 431; *Bond* v. *Smith,* 113 N. Y. 378.)

LOUGHRAN, Ch. J. The gist of the complaint herein can be stated in this single sentence: Ten thousand dollars in currency that had been placed by the plaintiff in a safe-deposit box which she had rented from the defendant company was stolen from that box in consequence of the company's negli-

gence. The relief demanded by the plaintiff is a judgment for the asserted $10,000 money loss, with interest and costs.

Thus this action was one to recover a sum of money only and, that being so, the issues were properly tried before a jury and were properly submitted to them by the Trial Judge (see N. Y. Const., art. I, § 2; Civ. Prac. Act, § 425). But when the jurors failed to agree he discharged them and granted a motion by the defendant for dismissal of the complaint. The essence of the reason for that disposition of the controversy has been stated by the Trial Judge in this manner: " The plaintiff, by her testimony that she placed the money in her safe deposit box and that when she later went to her box she found it had disappeared, has established a prima facie case and raised the presumption that the defendant company failed in its duty of exercising a high degree of care. * * * The detailed and undisputed proof of each of the steps taken by the defendant in guarding the box and barring unauthorized access thereto is sufficient as a matter of law to meet the presumption of the breach of duty raised by plaintiff's proof. The plaintiff having the burden of proof of showing the breach of duty or want of care on the part of the defendant safe deposit company and having failed to present any evidence on which a finding of want of due care can be based, the defendant is entitled to a dismissal of the complaint.'' (198 Misc. 861, 871, 872.) The dismissal of the complaint has been affirmed by the Appellate Division (278 App. Div. 685). Plaintiff is the appellant here.

We agree to the first of the above rulings of the Trial Judge. Indeed the defendant in its brief concedes the correctness of that ruling. But we find ourselves unable to assent to the second ruling of the Trial Judge.

There were five witnesses for the defendant. Four were its own employees, to wit: its general manager, its head locksmith, a custodian of the safe-deposit vault in question, and an attendant who relieved that custodian at luncheon time. The fifth and last witness for the defendant was an employee in the personnel department of Manufacturers Trust Company, an affiliate of the defendant. None of these witnesses for the defendant had anything to say in respect of a disappearance of currency from the plaintiff's safe-deposit box.

The following facts were undisputed: The door and lock to that box were well made and were of a type used by numerous safe deposit companies; access to the box could be had only by means of a customer's key or a duplicate thereof, and then only after the lock had been prepared through the use of a master key held by the defendant; there was no sign of a forcible entry of the box when it was examined following the assertion by the plaintiff of a loss of her currency; the defendant had dominion over its safe-deposit vault and a surrounding area; persons had on occasion gained admission to the vault without identification; no record was kept of the people who came in or went out; ordinarily only one employee of the defendant was in charge of the vault and of the more than nineteen hundred safe-deposit boxes that were enclosed therein.

The question of negligence is for a jury when there is a conflict in the evidence or when, though there is no such conflict, fair-minded men can draw more than one inference from the undisputed facts (*Mead* v. *Parker,* 111 N. Y. 259, 262; *Salt Springs Nat. Bank* v. *Sloan,* 135 N. Y. 371, 384). In our judgment, fair-minded jurors could here reasonably have inferred from the undisputed facts a failure of the defendant to exercise in respect of its safe-deposit vault the due care and caution that were required during the period here in question. In that view, the issue of negligence was not for the Judge in this case but should have been left to the jury (see 9 Wigmore on Evidence, § 2487).

As we understand the words we have quoted from the opinion of the Trial Judge, he found that all who gave testimony herein were truthful witnesses. To our minds, that finding was an invasion of the right of the plaintiff to have the jury pass upon the credibility of the witnesses (cf. *Loewinthan* v. *Le Vine,* 299 N. Y. 372).

The judgments should be reversed and a new trial granted, with costs to abide the event.

DESMOND, J. (dissenting). Plaintiff's testimony was only this: that when she came to look for her money theretofore placed in her safe-deposit box in defendant's vaults, the money was missing therefrom. Her complaint had alleged that " through the negligence of the defendant the same had been

theretofore taken and stolen from said safe deposit box ''. As in every other negligence case it was, of course, the burden of plaintiff to establish that the loss came about because of defendant's failure to exercise due care. There was no affirmative proof at all as to how, when or by whom the removal from the box was effected. If leaving the money in the box had amounted to a bailment thereof from plaintiff to defendant, plaintiff would have carried her burden of proof by showing the nonreturn by defendant of the bailed property. The case would then have been one where ''the failure   *   *   * to produce the subject of bailment when demanded, *prima facie* established negligence and want of due care '' (*Burnell* v. *New York Central R. R. Co.*, 45 N. Y. 184, 189; *Fairfax* v. *New York Central & H. R. R. R. Co.*, 67 N. Y. 11, 14). But if the relationship was not that of bailor-bailee, then the dismissal of the complaint was correct, since, if the presumption available to bailee is not here available, there was (unlike *Rehmer* v. *Cappel*, 246 N. Y. 613) no proof that any negligence of defendant caused or contributed to plaintiff's loss of her currency.

Was it a bailment? Did defendant, leasing to plaintiff a box in defendant's vaults, with the usual double-lock system whereby each party had to produce a separate key for a separate lock in order to open the box, make defendant a bailee of whatever plaintiff put into the box, even when, as here, defendant never saw or handled the property, or knew of its existence? A number of decisions, in other States, say that this is a true bailment, and that there is applicable thereto the traditional law of bailment, which sets up a presumption of negligence from mere proof of delivery, and, on that mere showing, puts a defendant bailee to its excuses, if it has any. But this court, in its only modern statement on the subject, has taken a different view, and, we think, correctly, logically and justly. In *Carples* v. *Cumberland Coal & Iron Co.* (240 N. Y. 187, 192), it is said: '' While the status of the Safe Deposit Company is, therefore, in some aspects that of a bailee, the customer's control and possession of his box is not much different than would be the control and possession by a tenant of property in an office which he had rented from the owner of the building '' (cited in *Cohen* v. *Manufacturers Safe Deposit Co.*, 297 N. Y. 266, 269). That language was designed to point out that, as to property left

in a safe-deposit box, the box holder himself retains a measure of control and possession. That being so, there is no bailment, since a necessary feature of every bailment is a transfer of possession to the bailee (Lawson on Bailments, p. 10; Schouler's Bailments and Carriers [3d ed.], p. 2; *Phelps* v. *People,* 72 N. Y. 334, 357; *Collins* v. *Bennett,* 46 N. Y. 490, 494; 6 Am. Jur., Bailments, p. 178, 189; 8 C. J. S., Bailments, p. 222; *Sturm* v. *Boker,* 150 U. S. 312, 329). '' One of the essential elements of a bailment is that the property be taken into the possession of the bailee '' (*Osborn* v. *Cline,* 263 N. Y. 434, 437). '' It is the element of lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment, regardless of whether such possession is based on contract in the ordinary sense '' (*Foulke* v. *New York Cons. R. R. Co.,* 228 N. Y. 269, 275; *Armstrong* v. *Sisti,* 242 N. Y. 440, 444). '' A bailment implies the delivery of a chattel; and to subject one to liability as a bailee it is a constituent that he had voluntarily assumed or retained the custody of the chattel alleged to have been bailed '' (*Pattison* v. *Hammerstein,* 17 Misc. 375, 376). '' In other words, the common law, with its characteristic horse-sense, makes a virtue out of necessity growing out of the fact that, where the bailee has the exclusive and undivided possession of the goods, he must also have the exclusive means of showing what became of them. Where the reason of the law ceases, the law ceases. For reasons which must be perfectly manifest to any thinking person, the rule referred to does not obtain or apply where the bailee does *not* have the exclusive and undivided possession of the property '' (*Lemnos Broad Silk Works* v. *Spiegelberg,* 127 Misc. 855, 858).

The reason for the rule which creates a presumption of negligence from a mere nondelivery of a bailed chattel, is stated plainly in our cases. '' This rule proceeds either from the assumed necessity of the case, it being presumed that the bailee has exclusive knowledge of the facts and that he is able to give the reason for his non-delivery, if any exist, other than his own act or fault, or from a presumption that he actually retains the goods and by his refusal converts them '' (*Claflin* v. *Meyer,* 75 N. Y. 260, 262, citing *Schmidt* v. *Blood,* 9 Wend. 268). Neither of those presumptions can have any reasonable relation to the loss of an article from a safe-deposit box, when the box can be

opened only by joint use of two different kinds of keys held by lessor and lessee, respectively, and where the lessor of the box has not in any manner taken custody of the property in the box, but has merely made the use of that box available to the lessee customer. This was not a bailment since defendant never had any custody of the money — certainly not the exclusive custody and possession thereof. The peculiar rules as to proof in bailment cases have, therefore, no application, and, since any recovery by this plaintiff was solely on the bailment rule, there was a failure of proof, and the complaint was rightfully dismissed.

There is another reason why defendant, after all the proof was in, was entitled to judgment. " If, either in the course of his [plaintiff's] proof or that of the defendant, it appears that the goods have been lost by theft, the evidence must show that the loss arose from the negligence " of the alleged bailee (*Claflin* v. *Meyer, supra,* p. 264; *Castorina* v. *Rosen,* 290 N. Y. 445, 447). Even a bailee for hire, " is only bound to take the same care of the goods as of his own, and if they be stolen or embezzled by his servant, without gross negligence on his part, he is not liable " (*Schmidt* v. *Blood, supra,* p. 271). If, as the jury could have found on her testimony, this plaintiff did leave the currency in the box and did not herself take it out, then its removal therefrom must have been a theft. Indeed, the complaint alleges that it was "stolen ". There is nothing in this testimony from which it could be found that any negligence of defendant had anything to do with that theft, so defendant was not liable, under the rule of the cases just above cited in this paragraph.

The judgment should be affirmed, with costs.

LEWIS, CONWAY and FROESSEL, JJ., concur with LOUGHRAN, Ch. J.; DESMOND, J., dissents in opinion in which DYE and FULD, JJ., concur.

Judgments reversed, etc.