Burke, J. (dissenting).
On this appeal in the Appellate Division the court below affirmed with two Justices dissenting. The trial court and the Appellate Division both erred. The trial court'found that “ no claim ” of crowd was made. The Appellate Division, in contradicting the trial court, pointed out that the testimony of the plaintiff must be accepted as true since the court dismissed at the end of the plaintiff’s case. Plaintiff clearly said “ I was in a crowd * * * and couldn’t see very much except where I was walking ”, Indeed, on cross-examination of the appellant by the defendant, the defendant referred to crowds. The Appellate Division concluded, of course, that “ The plaintiff might have been boxed in by a crowd, and her vision blocked by the crowd, but in and of itself that does not form any basis for recovery in this case ”, thus erring on both the facts and the law.
As appears from the exhibits, the entire corridor, including the steps, was covered by dark carpeting without design. There is no contradiction in the record that the lighting was ' ‘ dim ’ ’. The photographs disclosed a lighting condition consistent with the appellant’s testimony, which indicated that not only were the steps where the plaintiff fell in a dark area but that there was another set of steps leading to a still lower level.
Hence, there was an issue of fact clearly presented as to whether the lighting provided in a crowded public area where there was no warning of the presence of steps, met the requirements of the New York City statute or the common-law standards of freedom from negligence.
More than 40 years ago this court defined the duty of the owner of a theatre or other public assembly to guard against risks which should be anticipated or averted by the exercise of ordinary care. (Tantillo v. Goldstein Bros. Amusement Co., 248 N. Y. 286, 290.) In.that case the court said: “ Patrons are entitled to protection against acts which by their nature might cause a menace to safety. One who collects a large number of people for gain or profit must be vigilant to protect them.”
*1001 In this case, as in Bloch v. Shattuck Co. (2 A D 2d 20) the court found that there was evidence from which a jury might decide that the patron was misled by physical conditions which created an illusion of one level plane and thereby presented a deceptive appearance of safety.
To guard against this type of accident, the City of New York has seen fit to adopt a specific ordinance. Section C2&-280.0 of the Administrative Code provides: ‘ ‘ All stairways, fire towers, hallways, passageways and other required means of egress, together with all areas to which the public has access, shall be equipped with adequate, artificial lighting facilities.” Thus, both decisional law and the ordinance raise a question of fact which only a jury may determine. It is difficult to understand how any one could conclude that there was no real issue as to whether an optical illusion had been created by the defendant which gave rise to a dangerous condition in the absence of adequate warnings. (Duffy v. Owen A. Mandeville, Inc., 5 N Y 2d 730; Stengel v. Louis’ Cafeteria, 6 N Y 2d 907.) It is well known that in places of public assembly, particularly theatres, it is usual to illuminate the area not only from lighting fixtures in the ceiling or on the walls, but also to have lighting arrangements on the floor and at the side of steps. If there is an absence of such precautions, .the theatres provide an usher with flashlights. Thus, in Schneider v. Associated Prudential Theatres (302 N. Y. 759) this court affirmed a judgment in favor of the plaintiffs where the evidence showed that the illumination was dim and where there was no usher present to warn of the presence of steps in a corridor.
Surely the standard of care should be the same for those citizens who ride with the hounds of culture as it is in the case of the clientele of the neighborhood playhouses.
The alternative determination made by the Appellate Division that in the circumstances the plaintiff could be held to be guilty of contributory negligence, as a matter of law, is also erroneous. We have repeatedly held that the question of contributory negligence is generally a jury question. (See Mayer v. Temple Props., 307 N. Y. 559; 565.)
It was perfectly reasonable for the appellant to assume when there was dim lighting and no warning signs such as ‘ ‘ watch your step” or “ steps ahead” that the corridor where the appellant was walking was on one level.
*1002 The burden of proving contributory negligence rested here upon the defendant and was a question of fact which is beyond the power of a Trial Judge or the Appellate Division. Over 75 , years ago we held that the question of negligence is for a jury when there is a conflict in the evidence or when, though there is no such conflict, fair-minded men can draw more than one inference from the undisputed facts. (Salt Springs Nat. Bank v. Sloan, 135 N. Y. 371, 384, citing Mead v. Parker, 111 N. Y. 258, 262.) As Chief Judge Lottghrah wrote: “In our judgment, fair-minded jurors could here reasonably have inferred from the undisputed facts a failure of the defendant to exercise * * * the due care and caution that were required ” (Veihelmann v. Manufacturers Safe Deposit Co., 303 N. Y. 526, 530).
Consequently in my view, the issue of negligence and contributory negligence was not for the Trial Judge or the Appellate Division but should have been left to the jury (see 9 Wigmore, Evidence, § 2487).
The order and judgment dismissing the complaint should be reversed and a new trial ordered.
Order affirmed.