■ In the Matter of LOUIS QUARESIMO, Appellant, v. ELSIE SCHWAB, Respondent. (And Two Other Titles.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS QUARESIMO, Appellant, v. DARLENE TRUICKO et al., Respondents.— Appeal by the father of an 11-year-old boy (1) from an order of the Family

Court, Nassau County, entered July 31, 1973, which, without a hearing, awarded custody of the boy jointly to the 74-year-old maternal grandmother and his 21-year-old sister and the latter's 20-year-old husband, with visitation granted to the father, and (2) from so much of an order of the Supreme Court, Nassau County, entered October 17, 1973, as referred and remanded the question of custody to the Family Court, Nassau County, for a full hearing and determination. Order of the Family Court reversed, on the law and the facts, without costs, and matter remitted to that court for a full hearing and determination. Pending such new hearing and determination, temporary custody of the child shall remain with the father. Order of the Supreme Court affirmed insofar as appealed from, without costs. At issue in these appeals is the custody of an 11-year-old boy. The boy was three months old when his parents separated in November, 1962. Custody was with his mother until she died on February 9, 1973. The boy then remained with his sister. Within a month after the death of the boy's mother, his father sought custody in the Family Court, Nassau County, as did the sister and her husband and the maternal grandmother. On the basis of a conversation with the boy, a report of the Family Court Mental Health Clinic and a report of the Nassau County Probation Department, but without a hearing, the Family Court awarded custody to respondents. Thereafter, appellant obtained a writ of habeas corpus, which resulted in the second order under review. In our opinion, the matter should be remitted to the Family Court for a full hearing and determination, with temporary custody in the father pending such determination. Gulotta, P. J., Martuscello, Shapiro and Benjamin, JJ., concur; Munder, J., concurs in the reversal of the Family Court order, but dissents from so much of the determination as remits the matter for a hearing and votes to grant final custody to the father; and also dissents from the affirmance of the Supreme Court order and votes to reverse that order insofar as appealed from and to sustain the writ and grant custody to the father, with the following memorandum: In my opinion, no hearing is necessary. Following the death of the mother, the appellant father filed a petition in the Family Court, Nassau County, seeking custody of his son. Respondents filed a cross petition and thereby took upon themselves the burden of proving the father had either abandoned his son or was an unfit parent (*People ex rel. Kropp* v. *Shepsky*, 305 N. Y. 465, 469). They failed to do this and I see no reason for giving them a second opportunity at this time. In a contest such as this between a parent and nonparents, we must recognize the "paramount parental right to raise one's own child" (*Matter of Spence-Chapin Adoption Serv.* v. *Polk*, 29 N Y 2d 196, 203). As stated in *People ex rel. Kropp* v. *Shepsky* (*supra*, p. 469), "In no case may a contest between parent and nonparent resolve itself into 'a simple factual issue as to which [affords] the better surroundings, or as to which party is better equipped to raise the child.' (*People ex rel. Portnoy* v. *Strasser, supra*, 303 N. Y. 532, 542.)". Yet, my reading of the record convinces me that is what occurred, i.e., the Family Court decided the boy would be happier in familiar surroundings with his sister and maternal grandmother rather than upstate with his father. The child's happiness or welfare is important, but in a case such as this it must give way to the superior right of a parent to the care and custody of his or her child, absent abandonment or unfitness. As stated, respondents did not sustain their burden in the Family Court, and there is no present claim of abandonment or that appellant's "fitness" as a parent has changed since that time. In fact, the only change has been on respondents' part, as it appears that the maternal grandmother has entered a nursing home subsequent to the Family Court's deter-

mination. The father's petition should have been granted and respondents' denied.